JAMES CONLEY, Bar No. 224174
jconley@grsm.com
DIANE N. HOLLAND, Bar No. 332992
dgerstenfeld@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California  95825
Telephone:   (916) 565-2900
Facsimile:    (916) 920-4402

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL COLIKAS, | Case No. |
|---|---|
| Plaintiff, | Case No: CVPS2508946 (Riverside County Superior Court) |
| v. | |
| WAL-MART ASSOCIATES, INC.; DOES 1-100, INCLUSIVE, | **DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446** |
| Defendants. | *[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Interested Parties; and Declaration of James T. Conley]* |
| | Complaint Filed:  November 10, 2025 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT that Defendant WAL-MART ASSOCIATES, INC. ("Walmart" or "Defendant") by and through the undersigned

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES DISTRICT COURT

counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446. Removal is proper on the grounds that: (1) there is complete diversity of citizenship between the parties as Plaintiff MICHAEL COLIKAS ("Plaintiff") is a citizen of the State of California and the properly-named defendant is a citizen of the State of Delaware and/or the State of Arkansas; (2) the amount in controversy exceeds the jurisdictional minimum of more than $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true when Plaintiff filed this action and remain true as of the date of the filing of this Notice of Removal.

## I.   THE STATE COURT ACTION

1.     On November 10, 2025, Plaintiff filed a Complaint for Damages entitled *"Michael Colikas vs. Wal-Mart Associates, Inc., et al."* ("Complaint") in the Superior Court of the State of California for the County of Riverside, Case Number CVPS2508946. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2.     On December 11, 2025, Plaintiff served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Assignment, and Notice of Case Management Conference, and through its statutory agent, CT Corporation. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Assignment, and Notice of Case Management Conference are attached hereto as **Exhibit B**. 7, 2026, Walmart filed its Answer to Plaintiff's Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit C.**

## II.   REMOVAL IS TIMELY

4.     A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and complaint).

5.    The January 8, 2026, removal is timely because it occurred within thirty days of Walmart's December 11, 2025 service date.

### III.    COMPLETE DIVERSITY EXISTS BETWEEN PARTIES

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 on diversity grounds. Therefore, Walmart may remove this action to this Court pursuant to 28 U.S.C. § 1441.

7.    Original jurisdiction exists because Plaintiff and all properly-named defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.    **Plaintiff is a Citizen of California**: Plaintiff is a resident of the State of California. **Exhibit A**, Complaint, ¶ 1. For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Given his residency, Plaintiff is domiciled in and a citizen of the State of California.

9.    **Walmart is Not a Citizen of California**: Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the principal place of business, as contained in Section 1332(c), is best read as referring to the place where a corporation's officers direct, control, and coordinate the

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. **Walmart Is a Citizen of The State of Delaware and/or The State of Arkansas:** Walmart is now, and was at the time of filing this action, a citizen of a State other than California within the meaning of meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, at the time this action was commenced, Walmart was (and is still) incorporated under the laws of the State of Delaware, each with its principal place of business in the State of Arkansas. *See Cesena v. Wal-Mart Assocs., Inc.,* No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.,* No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), report and recommendation adopted, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.").

11. Thus, Walmart is not a citizen of the State of California. Rather, it is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12. **"Doe" Defendant Citizenship**: "For purposes of removal…the citizenship of defendants sued under fictitious names should be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 100" in the Complaint cannot defeat diversity jurisdiction.

**IV.    THE JURISDICTIONAL MINIMUM IS EASILY MET**

13.    This Court's jurisdictional minimum of an amount in controversy of more than $75,000 is and was satisfied at the time this action was filed, as explained below.

14.    As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.    "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL
ACTION TO UNITED STATES DISTRICT COURT

16.    **Compensatory Damages**: In his Complaint, Plaintiff claims to have suffered "loss of earnings and future earning capacity." (**Exhibit A**, Complaint, ¶¶10, 22, 33, 37, 41, 44, and Prayer for Relief ¶¶ 3 and 4.) Assuming he has not secured new employment, Plaintiff puts at issue approximately eleven (11) months of lost income to date since his termination on February 15, 2025. (*See* Declaration of James T. Conley ("Conley Decl."), at ¶ 3, filed concurrently herewith.) Assuming this case goes to trial in approximately 28.4 months, his back pay claim will seek almost 40 months (over 3 years) of lost wages and benefits. *See U.S. District Courts—Federal Court Management Statistics–Comparison Within Circuit—During the 12-Month Period Ending December 31, 2024, accessible at* [https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf](https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf)  (last accessed on January 5, 2026) (indicating that the 28.4 months). Walmart's records indicate that, at the time of his termination, Plaintiff was earning $17 per hour and working approximately 30 hours per week, thus earning approximately $510 per week and $2,185 per month. (*See* Conley Decl., at ¶ 3.) As of the date of removal, Plaintiff's claim for lost income is approximately **$87,400** ($2,185 for 40 months). (*See* Conley Decl., at ¶ 3.)

17.    **Non-Economic Damages**: Plaintiff further alleges that he "has been caused, and did suffer, and continues to suffer severe and permanent emotional and physical distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." (**Exhibit A**, Complaint, ¶¶ 12, 24, 35, 45.) A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC,* 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

than $3,00,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages awarded to doctor alleging discrimination and wrongful discharge). Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

18.   **Punitive Damages**: Plaintiff seeks punitive damages. (**Exhibit A,** Complaint, ¶¶ 14, 26, 37, 47, and Prayer for Relief, ¶ 9.) This amount alone well exceeds the $75,000 statutory minimum. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages, including punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Plaintiff is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding here. Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at *5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

19.     **Attorneys' Fees**: Plaintiff seeks attorneys' fees. (**Exhibit A**, Complaint, ¶¶ 10, 15, 22, 27, 33, 38, 41, 48 and Prayer for Relief, ¶¶ 5-7.) Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will move for summary judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on his claims, he could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

20.     Plaintiff's claims for economic damages, non-economic damages, punitive damages and attorneys' fees establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

**V.     VENUE**

21.     Venue lies in this court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under United States Code, Title 28,

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Section 1441(a), this case may properly be removed to the Central District of California because Plaintiff filed this case in the Superior Court of the State of California, County of Riverside. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

## VI.   SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §1446

22.   In accordance with United States Code, Title 28 Section 1446(a), Exhibits A-C constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Walmart was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Walmart will provide notice of this removal to Plaintiff through his attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Riverside.

## VII.   CONCLUSION

23.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

24.   In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated:  January 8, 2026

GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ James Conley*
James Conley
Diane N. Holland
Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT